# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

№ 10-CR-818 (JFB)
_____

UNITED STATES OF AMERICA,

versus

DAVID LAGONE,

Defendant.

_____

**MEMORANDUM AND ORDER**
February 15, 2017
_____

JOSEPH F. BIANCO, District Judge:

On April 5, 2012, defendant David Lagone ("defendant") pled guilty to one count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 371. (ECF No. 67.) The Court sentenced defendant on September 4, 2013 to six months' imprisonment to be followed by three years' supervised release, and ordered him to pay $68,056 in restitution. (ECF Nos. 124-25.) The Court set a restitution payment schedule of 10 percent of plaintiff's gross monthly income while on supervised release. (ECF No. 125.)

Defendant began his term of supervised release on July 7, 2014, and that term is scheduled to terminate on July 6, 2017. (ECF No. 161.) To date, defendant has only paid $1,125 in restitution. (*Id.*) On June 12, 2015, pursuant to defendant's representation that he was unable to afford the original payment schedule, the Court allowed defendant's restitution schedule to be modified to permit a payment of $50 per month until defendant secures additional income. (ECF No. 149.)

On August 29, 2016, defendant filed a letter with the Court requesting early termination of his supervised release. (ECF No. 159.) Defendant states that he has had difficulty securing employment, and that he and his wife wish to move to Austin, Texas to be closer to their son and in the hopes of defendant finding a job in Austin's "vibrant economy." (*Id.*) Defendant also claims that there is "no guarantee that [he] will be accepted for a transfer of supervision to the [supervised release] department in Texas," and that his "best chance of success is to be discharged from [supervised release] early, move to Austin, seek out and, hopefully, obtain a job that will allow [his] wife and [him] to live beyond [their] current level of abject poverty." (*Id.*)

The government filed a letter on December 22, 2016 opposing defendant's request (ECF No. 161), and defendant submitted a response on December 30, 2016

(ECF No. 162). For the reasons that follow, defendant's request for early termination of supervised release is denied.

I. DISCUSSION

A. Applicable Law

Title 18, Section 3583(e) of the United States Code provides that a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1); *see, e.g.*, *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) (requiring court to consider 18 U.S.C. § 3553(a) factors, "such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to modify, reduce, or enlarge the term or conditions of supervised release"). The district court does not have to make specific findings of fact with respect to each of these factors; instead, "a statement that the district court has considered the statutory factors is sufficient." *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003) (quoting *United States v. Gelb*, 944 F.2d 52, 56-57 (2d Cir. 1991)) (alterations omitted).

Early termination, however, "is not warranted as a matter of course." *United States v. Fenza*, No. CR 03-0921(ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013). "Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *Id.* Instead, as the Second Circuit has explained:

> Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances. Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).

*Lussier*, 104 F.3d at 36.[1]

---

[1] The Judicial Conference on Criminal Law has elaborated on 18 U.S.C. § 3583(e)(1)'s statutory criteria and recommended that probation officers evaluate nine factors when deciding whether to approve early termination of supervised release. Those factors are:

(1) Stable community reintegration (*e.g.*, residence, family, employment);

(2) Progressive strides toward supervision objectives and in compliance with all conditions of supervision;

(3) No aggravated role in the offense of conviction, particularly large drug or fraud offenses;

(4) No history of violence . . .;

(5) No recent arrests or convictions . . .;

(6) No recent evidence of alcohol or drug abuse;

(7) No recent psychiatric episodes;

(8) No identifiable risk to the safety of any identifiable victim; and

2

B. Analysis

Having carefully considered all of the statutory factors under Section 3553(a), the Court concludes that defendant's circumstances fall short of being "so unusual as to merit early termination." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005).

As noted above, defendant argues that early termination of supervised release is warranted because he has served "six months in prison, four months of home confinement, and," as of the date of his letter request, was "two years and almost two months into [his] three year probation sentence." (ECF No. 159.) Defendant avers that he has "been complying with all of the terms [the Court] laid out, including making monthly payments toward [his] restitution (albeit adjusted due to [his] trivial income from social security)." (*Id.*) In addition, defendant claims that he has "created no problems and believe[s] that [he has] demonstrated exemplary behavior throughout this most difficult time." (*Id.*) Finally, defendant states that he and his wife desire to move to Austin, Texas to be closer to their son and so that he may have a better chance of obtaining employment. (*Id.*) He asserts that there is "no guarantee that [he] will be accepted for a transfer of supervision to the [supervised release] department in Texas," and that his "best chance of success is to be discharged from [supervised release] early, move to Austin, seek out and, hopefully, obtain a job that will allow [his] wife and [him] to live beyond [their] current level of abject poverty." (*Id.*)

The government opposes defendant's early termination request and argues that the "fact that the defendant has served a period of incarceration and a portion of his term of supervised release is not 'exceptional' and does not provide a reason to terminate the supervision." (ECF No. 161.) Moreover, the government states that defendant has violated the terms of his supervised release by failing to secure employment, and that when defendant's Probation Officer

> questioned [him] about finding employment, the defendant responded that it would cost more money for him to get job that paid minimum wage and, therefore, that finding such employment is not worth his time. While the defendant may want to seek employment in Austin, Texas, the defendant has failed to identify any potential employers or outline any steps he has actually undertaken to obtain employment in Texas. Further, while the defendant speculates that his supervision may not be accepted in the Western District of Texas, that is mere speculation, as he has made no effort to see if it would or would not be transferred. Defendant's failure to undertake efforts to obtain employment in the Eastern District of New York arguably foreshadows the efforts the defendant will likely take in the Western District of [Texas].

(*Id.*)

In reply, defendant argues that he has not obtained employment while under supervised release due to his age, and that a minimum wage job would not offer compensation sufficient to cover his existing expenses; new expenditures that he would incur in connection with a job, such as automobile insurance; or a corresponding increase in his

---

(9) No identifiable risk to public safety based on the Risk Prediction Index.

Monograph 109, Supervision of Federal Offenders § 380.10(b)(1)-(9); *see, e.g.*, *United States v. Etheridge*, 999 F. Supp. 2d 192, 195 (D.D.C. 2013).

income tax obligations. (ECF No. 162.) Defendant further states that his criminal history has precluded him from finding work and argues that early termination of supervised release "might finally allow [him] to gain some semblance of a normal life; possibly allow [him] to be able to pay restitution at a more significant monthly level; and to not be dependent on [the] government for survival . . . ." (*Id.*)

After considering the statutory factors and defendant's proffered reasons, the Court agrees with the government that early termination of defendant's supervised release is unwarranted. First, although defendant has demonstrated good behavior during his incarceration, home confinement, and supervised release, such actions are expected of a person on supervised release and are "not so unusual as to merit early termination." *McKay*, 352 F. Supp. 2d at 361. Other cases have correctly concluded that this type of behavior does not warrant early termination. *See, e.g.*, *Fenza*, 2013 WL 3990914, at *1-2 (denying early termination of supervised release where defendant, among other things, had completed two of three years of supervised release without issue, returned to live with family in his childhood neighborhood and house, regained operational management of his car service company and developed it despite recession, and cared for his wife and grandchildren); *McKay*, 352 F. Supp. 2d at 360-61 (denying early termination of supervised release where defendant had flawless record during incarceration and fourteen months of three-year period of supervised release, had health issues, was active member of community, took responsibility for crimes when he pled guilty, had never use drugs or abused alcohol, had been meeting his restitution obligation, and argued that termination would assist in efforts and ability to spend time with and care for family).

Second, the Court concludes that "the fact that supervised release has made it difficult to find new employment is not a reason to grant early termination." *United States v. Gross*, No. CR 05-0717 ADS, 2012 WL 259923, at *2 (E.D.N.Y. Jan. 27, 2012). Defendant also has not "present[ed] any further information demonstrating lost potential business opportunities" due to his supervised release, but has merely generally contended that early termination would bolster his job prospects.[2] *See United States v. Olivieri*, 72 F. Supp. 3d 401, 403 (S.D.N.Y. 2014). Moreover, defendant's argument that transferring his supervised release to the Western District of Texas may prove unsuccessful is baseless; defendant has not claimed that he attempted to apply for a transfer, or that such an application was denied.[3] *Cf. United States v. Etheridge*, 999 F. Supp. 2d 192, 198 (D.D.C. 2013) (detailing threat to defendant's employment if he would not be allowed to travel abroad).

Finally, given the serious nature of defendant's underlying criminal conduct and his outstanding restitution payments, the Court concludes that supervised release continues to be necessary to ensure that he does not return to any criminal activity and that he fulfills his restitution obligations. *See* 18 U.S.C. §§ 3553(a)(2), (a)(7). Thus, having considered all of the statutory factors, the Court, in its discretion, denies defendant's motion for early termination of supervised release.

---

[2] Insofar as defendant asserts that his criminal history has precluded him from finding employment, terminating his supervised release would not change that impediment.

[3] If defendant wishes to travel to Texas to apply for employment, he can make an application to the Court (stating the reasons for such travel), and the Court will consider it.

## II. Conclusion

For the foregoing reasons, the Court denies defendant's request for early termination of supervised release.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:  February 15, 2017
    Central Islip, NY

\*\*\*

The United States is represented by Robert L. Capers, United States Attorney, by Catherine M. Mirabile, Assistant United States Attorney, 271 Cadman Plaza East, Brooklyn, New York 11201.  Defendant proceeds *pro se*.